**UNITED STATES of America, Plaintiff,**

v.

**ASSOCIATED CONVALESCENT ENTERPRISES, INC.,**
**Defendant.**

**No. CV 83–430–LEW(Gx).**

United States District Court,
C.D. California.

July 18, 1984.

Stephen A. Shefler, Asst. U.S. Atty., San Francisco, Cal., for plaintiff.

Leo Branton, Jr., Los Angeles, Cal., Christine M. Frahm, San Diego, Cal., for defendant.

## ORDER FOR SANCTIONS

LAUGHLIN E. WATERS, District Judge.

This case was transferred on motion of the defendant to this Court from the Northern District of California on December 17, 1982, and after numerous proceedings was set for trial to commence on April 3, 1984.

The Court finds that on February 21, 1984, only six weeks prior to the trial, this Court ordered, on motion of the defendant, the substitution of Leo Branton, Jr., Esq. in place of Robert C. McDaniel, Esq. as lead

counsel for the defendant. Mr. McDaniel had earlier substituted in place of Nancy Powell, Esq. on August 2, 1983. Mr. McDaniel made no personal appearance in connection with any of the earlier proceedings before this Court, and all pleadings had been prepared and signed by Christine Frahm, Esq. Mr. Branton made several "courtesy" appearances on behalf of Mrs. Frahm but at no time informed the Court that he was not attorney of record.

Prior to the date of transfer, the record clearly indicated that the government contemplated calling Mr. Branton as a witness at trial, and Mr. Branton has never disputed that he was fully aware of this fact when he requested to be substituted in. This Court was not informed of the fact of his status as a potential witness at the time of substitution.

The Court further finds that on March 30, 1984, four days prior to trial and ten days after the time designated by Local Rule 9.11.2(b), the government filed its narrative statement of the testimony expected to be elicited from Mr. Branton at trial. Mr. Branton has urged that it was not until the filing of this narrative statement that he was made aware of the nature of the testimony sought by the government.

The Court further finds that on April 2, 1984, one day prior to trial, defendant filed a document denominated Motion to Prohibit Calling of Leo Branton, Jr. as Witness or Motion for Continuance in the Alternative. Defendant has referred to this motion in various ways at various times to suit its particular purpose. The defendant has variously characterized this document as 1) a motion to prohibit calling Mr. Branton as a witness, 2) a motion to have the Court determine whether Mr. Branton's testimony presented a conflict with his client's interest, 3) a motion to continue the trial in order to obtain the defendant's written waiver of the potential conflict, and 4) a motion for disqualification. This latter characterization was later denied by defendant.

[*PRO*—"If the Court allows the calling of declarant, then declarant believes that it is his ethical responsibility under the Rules of Professional Conduct of the State Bar of California to disqualify himself as lead counsel for the defendant ..." (Motion to Prohibit Calling of Leo Branton, Jr. as Witness or Motion for Continuance in the Alternative page 5, lines 4–7.)

"It is clear ... that counsel in the instant case is in a position of conflict of interest because of his testimony ..." (Memorandum of Points and Authorities page 8, lines 19–21 (April 2, 1984).

*CONTRA*—"I never filed a motion asking to be relieved as counsel." (Declaration of Leo Branton, Jr. in Opposition to Imposition of Sanctions page 3, lines 19–20).

"My motion was not one to allow to be disqualified...." (Declaration of Leo Branton, Jr. in Opposition to Imposition of Sanctions page 4, line 2 (April 27, 1984).]

The Court finds that the motion filed by the defendant on April 2, 1984 was intended to be, as represented and discussed at the hearing, a motion to have Mr. Branton disqualified as attorney of record and to have the trial continued to allow the defendant time to obtain new counsel. Based on Mr. Branton's representation that he was now in a position of potential conflict with his client, the motion to disqualify was granted.

The Court further finds no merit in Mr. Branton's claim that he was wholly unaware of any potential conflict prior to the government's untimely filing of the narrative statement. Mr. Branton was involved in prior litigation in the Northern District of California on behalf of this same client in which similar conflict issues were raised. Mr. Branton also concedes that he knew that the government had named him as a witness before he requested to be substituted into this case. Under the circumstances, it should have been transparent that a potential conflict existed.

**20**

The Court further finds that Mr. Branton had a duty at the time that he requested to be allowed to enter this case to inform the Court of the existence and nature of his potential conflict so that his requested substitution could properly be evaluated. The failure to so advise the Court necessitated a last minute continuance of the trial. This continuance resulted in a needless expenditure of tax dollars in connection with the bringing of witnesses and counsel to court and the waste of counsels' time in preparation for trial. Had Mr. Branton been candid and forthcoming with the Court, this entire matter could and would have been resolved well in advance of the time that the government had to complete preparations for trial and the summoning of its witnesses. The direct result of what this Court considers to have been a calculated failure on the part of Mr. Branton to inform the Court has been an otherwise avoidable expenditure by the government of money and resources which will in large part be necessarily duplicated when this matter again comes on for trial.

Since all of the time involved in the earlier preparation for trial may not necessarily have been wasted in connection with the continued trial date, the amounts requested by the government are approved and/or reduced as follows:

| | Requested | Approved |
|---|---|---|
| Legal Fees: | $15,520.00 | $5,000.00 |
| Lawyer Expenses: | 1,862.50 | 1,862.50 |
| Witness Expenses: | Not submitted | |

GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED that the defendant's prior counsel, Mr. Branton, and defendant pay to the plaintiff the sum of $6,862.50 as sanctions for the unreasonable, vexatious and irresponsible conduct described above. 28 U.S.C. § 1927.

Said amount is to be paid to the plaintiff by Leo Branton, Jr., Esq. personally not later than August 15, 1984. Mr. Branton is further ordered to advise the Court, in writing not later than August 22, 1984, that payment has been made in accordance with this Order.