UNITED STATES of America,
Plaintiff-Appellant,

v.

George L. CARSON,
Defendant-Appellee.

No. 83–2615.

United States Court of Appeals,
Tenth Circuit.

May 13, 1985.

Benjamin L. Burgess, Jr., U.S. Atty., Topeka, Kan. (Kurt J. Shernuk, Asst. U.S. Atty., Topeka, Kan., with him on brief), for plaintiff-appellant.

Michael S. Holland, Russell, Kan., for defendant-appellee.

Before McKAY, BREITENSTEIN and LOGAN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellee-defendant was charged in an information with the unlawful possession of doves contrary to the migratory bird treaties between the United States, Great Britain and the United Mexican States in violation of 16 U.S.C. § 703, 50 C.F.R. §§ 20.35 and 20.72. He consented to a trial before a United States Magistrate and waived a jury. The magistrate found that he had waived his right to file a motion to suppress. He appealed to the district court which reversed the magistrate and dismissed the action. The United States appeals, we reverse and remand.

On September 17, 1982, the defendant was hunting doves in Russell County, Kansas. Joe Branick, a Russell County deputy sheriff approached him and observed him shooting nine doves. Tr. Vol. II, p. 4–5. While defendant was hunting, Branick looked into a five gallon pail and observed under a vest at least six dressed doves. Id. at 6. Branick also observed the remains of doves scattered on the tops of tall weeds in the field where defendant was hunting. Id. at 7. Branick concluded that these remains were fresh based on the way they clung to the weeds and the color of the blood. Id. Branick then got in touch with Doug Sonntag, a State Game Protector employed by the Kansas Fish and Game Commission concerning the legality of defendant's bag possession. Branick and Sonntag returned to the area where defendant was hunting and asked him for permission to search his pickup. Defendant consented, unlocked the vehicle, took out the pail, and sat in front of Sonntag, who picked up 12 freshly killed doves, lifted up a vest and removed 11 dressed doves. Id. at 11. Sonntag testified that it was his opinion that the dressed doves had been killed earlier that day because they were still warm, of a light pinkish color and their blood was wet and sticky. Tr. Vol. III, p. 11. A second State Game Protector, Madorin, handled the doves later that evening and concurred with Sonntag that the dressed doves had been killed that day. Id. 25, 27–28.

At trial before the magistrate and during cross-examination, Branick admitted that he lifted up the vest in order to observe the dressed doves. Tr. Vol. II, p. 22. Defendant objected to the evidence from this search later during testimony from Sonntag. Id. at 45. The trial was continued to allow the defendant to file and brief a motion to suppress. Id. at 55–57. The magistrate ruled on May 12, 1983, without a suppression hearing, that the defendant had waived his right to object to the evidence because he failed to file a pre-trial

motion to suppress the evidence as required by Fed.R.Crim.P. 12(b)(3). The trial resumed May 23, 1983 and the defendant was found guilty.

The defendant appealed the judgment to the district court who found that the magistrate had abused his discretion in failing to hear the reason for the defendant's failure to file the pre-trial motion to suppress and for failing to address the question of whether the search was legal. The trial court then set aside the conviction and dismissed the action because it determined that Branick's search was illegal.

Defendant contends that the notice of appeal to this court was not timely. On November 10, 1983, the district court stated orally from the bench, Tr. proceedings before the district judge, p. 24:

"Your [the government's] motion to reconsider is overruled and the defendant's motion to dismiss—that is to say, to enter an order of acquittal in behalf of the defendant is sustained."

On the same day the clerk's record, R. 210, shows the entry of the following order:

"Consistent with the findings of fact and conclusions of law announced this date, the judgment of conviction of the defendant, George L. Carson, entered by the Magistrate on July 13, 1983, should be and is hereby set aside."

On December 5, 1983, the government filed a notice of appeal from this order. This was within the thirty days allowed for an appeal by the government by 18 U.S.C. § 3731 and Fed.R.App.P. 4(b). On November 23, 1983, the court entered its "Memorandum Order Nunc pro Tunc" in which it said "the matter is dismissed with prejudice." The defendant argues that a notice of appeal should have been filed to the second order.

■ Defendant's argument is without merit. Nunc pro tunc literally translated means "now for then." A nunc pro tunc order is an order which relates back to a prior date and it will be given an anterior effect. *Mitchell v. Overman*, 103 U.S. (13 Otto) 62, 64–65, 26 L.Ed. 369; *Kirtland v.*

*J. Ray McDermott & Co.*, 5 Cir., 568 F.2d 1166, 1169, n. 5; and 6A Moore's Federal Practice § 58.08. The only difference in the two orders is that in the second the dismissal is with prejudice. The government's appeal was properly filed, timely, and gave the court of appeal jurisdiction.

■ The magistrate found the defendant guilty and sentenced him to imprisonment for 120 days all of which was suspended except for the first 30 days, which must be served, placed him on probation for two years, and fined him $300.00. Defendant took an appeal to the district court. The court correctly held that the district court hearing was not a trial de novo. See Rules of Procedure for the Trial of Misdemeanors before United States Magistrates. 85 F.R.D. 417, Rule 7(e), and *United States v. Hubbard*, 10 Cir., 603 F.2d 137, 142.

■ Rule 12(f), Fed.R.Crim.P., provides that a failure to file a motion to suppress evidence pursuant to Rule 12(b) prior to trial constitutes a waiver of any objections to the introduction of evidence. The magistrate ruled that the defendant had waived his rights to move to suppress. The court held that he was wrong in so doing. The government reports available to the defendant stated only that Branick observed the dressed doves in the pail, not that he had conducted a search. The district court correctly held that the magistrate should have granted relief from the waiver provisions of Rule 12(f). The search by Branick when he picked up the vest to reveal the six dressed doves was in violation of the Fourth Amendment in that the dressed doves were not in plain view.

Neither the court nor the magistrate discussed the second search. The officers returned to the area and encountered defendant at his pickup. Defendant testified, Tr. Vol. III, pp. 60–64:

"Q. What occurred when the two of them came to the pickup?

A. We stood around talking a little bit, and just visiting. Mr. Branick said, well George, he said, I want to tell you that I think you shot too many doves and

I couldn't believe it. I thought, uh, oh, here we go again. So I asked him, I said what makes you think that? And he said because I saw some feathers and some blood and something else, he said, sticking in some weeds or something, which I never did see, quite frankly.

Q. Did he tell you at that time he had searched your bucket?

A. No, he did not.

Q. Okay, what else did he say?

A. Well, he asked again, Mr. Branick asked if he could ... if they could look into my pickup and I said, well certainly....

Q. What happened then?

A. We got back to the ... the pickup where the vehicles were. I unlocked the truck on the driver's side. I reached across the passenger side and got the bucket and brought it out toward the rear of my pickup and set it on the ground. Mr. Sonntag then proceeded to take the freshly killed undressed doves off the top of the hunting jackets, laid them on the ground. Then he lifted out two hunting jackets, then lifted off the plastic bag....

Q. Now, in regard to the doves, how many dressed doves were there?

A. There were 12."

■ A search conducted pursuant to a voluntary consent is valid for Fourth and Fourteenth Amendment purposes. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 248, 93 S.Ct. 2041, 2043, 2059, 36 L.Ed.2d 854. The defendant admits that he consented to the second search and that he was unaware of Branick's prior search. Tr. Vol. III, p. 61.

■ Assuming that the first search was illegal, defendant's consent purged the second search of any taint from the first search and validated the second search for Fourth Amendment purposes. In *United States v. Fike*, 5 Cir., 449 F.2d 191, 192–193, the Fifth Circuit faced an almost identical situation. The officers conducted a search of a car which the court assumed was illegal. The officers then took the

occupant and the car into custody. At the sheriff's office the officers asked the occupant's permission to search the car and it was given. The evidence obtained from the second search was admitted at the trial and the defendant was convicted. On appeal, the defendant argued that the evidence obtained by the second search was not admissible under *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441, because it was the fruit of the first search. The Fifth Circuit held that the defendant's voluntary consent to the second search was an independent act "sufficient to break the causal connection between the alleged primary illegality and the evidence found as the result of the second search." *Fike*, supra, 449 F.2d at 193. See also, *United States v. Galante*, 2 Cir., 547 F.2d 733, 741–742, cert. denied 431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066.

■ One thing further must be mentioned. The information charges that on September 17, 1982, the defendant "did unlawfully possess more than the daily bag limit of doves" in violation of 16 U.S.C. § 703, 50 C.F.R. 20.35 and 50 C.F.R. 20.72. Section 20.35, 50 C.F.R., provides:

"No person shall possess, have in custody, or transport more than the daily bag limit or aggregate daily bag limit, whichever applies, of migratory game birds ... at or between the place where taken and either (a) his automobile or principal means of land transportation...."

Section 20.72, 50 C.F.R. reads:

"No person shall at any time, by any means or in any manner, take, possess, transport or export any migratory bird ... in violation of any applicable law or regulation of any State."

The Kansas regulations provide for a daily bag limit of 12 doves and a possession limit of 24. See Kansas Fish & Game Commission, 1982 Kansas Hunting and Trapping Regulations, Exhibit A, attached to defendant's motion to dismiss. R. 34. The Kansas Fish & Game Commission also states that, "No person shall possess more than one daily bag limit in the field, or

returning from the field to one's car, hunting camp, motel, etc."

Defendant argues that he was charged with one crime, possessing more than the daily bag limit, but convicted of another crime, killing more than the daily bag limit. The Kansas officials testified that all 23 were killed on the same day. Tr. Vol. II, p. 12, 29–30, Tr. Vol. III, p. 11, and 27–28. The defense called an expert witness, Dr. William G. Eckhardt, a pathologist, who testified, Tr. Vol. III, p. 81:

"Q. Without performing the post mortem tests, can there be any conclusive opinion rendered as to the time these birds were killed, Doctor?

A. Not in my opinion, no."

With reference to the testimony of Dr. Eckhardt, the magistrate said, Tr. Vol. III, p. 125:

"But I simply give more weight to the testimony of the witnesses Sonntag and Branick than I do Dr. Eckhardt. Dr. Eckhardt did not examine these doves or these birds at any time near the time they were taken at all, and he just can't know as much about it, it seems to me, as to this particular case, as these people did in the field.... It's a hypothetical question so far as he was concerned."

The magistrate found that the defendant had killed the doves all on the same day, saying, Tr. Vol. III, p. 138: "I simply find that he actually killed these birds on the same day, that is the 17th day of ... September, 1982." Killing the birds is a necessary antecedent to possession of the birds. If defendant killed the birds on September 17, 1982, he possessed them on the same day. That is what the information charged. We cannot read the charge or the law to permit possession in defendant's car of more than one daily bag limit if defendant killed all of the birds on the same day. The magistrate properly found possession. The evidence is sufficient to sustain the charge of the information.

The argument is that the defendant's consent to the second search was brought to the attention of the trial court but not considered by it. Because the validity of the second search involves a question of fact, the voluntary consent to the second search, the district court, on remand, may wish to remand the case to the magistrate for determination of the facts.

Reversed.