**UNITED STATES of America,**
**Plaintiffs,**

v.

**ASSOCIATED CONVALESCENT**
**ENTERPRISES, INC.,**
**Defendant.**

**UNITED STATES of America,**
**Petitioner/Appellee,**

v.

**Leo BRANTON, Jr.,**
**Respondent/Appellant.**

**Nos. 84–6240, 84–6304.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 1985.

Decided July 23, 1985.

As Amended Sept. 25, 1985.

---

Stephen Sheffler, Asst. U.S. Atty., San Francisco, Cal., for U.S.

Leo Branton, Jr., pro se.

Ben Margolis, Los Angeles, Cal., for respondent/appellant.

Before CHAMBERS, TANG and WIGGINS, Circuit Judges.

TANG, Circuit Judge.

Leo Branton appeals an order of the district court, 600 F.Supp. 18, imposing monetary sanctions against him under 28 U.S.C. § 1927. The court found that Mr. Branton had unreasonably delayed a trial by causing himself to be disqualified as the attorney of record one day before the trial was scheduled to begin. The government has cross-appealed, asserting that the district court's sanctions were inadequate. We affirm the order of the district court.

FACTS

The underlying case involves an attempt by the United States to recover allegedly improper Medicare charges by three convalescent hospitals. In an earlier action, this court affirmed a finding of liability against the three hospitals. *United States v. California Care Corp.*, 709 F.2d 1241 (9th Cir. 1983). In this case, the government seeks to establish the liability of Associated Convalescent Enterprises on the theory that it was the corporate alter ego of some or all of these hospitals.

The trial was originally scheduled to begin on April 3, 1984, before Judge Waters. On February 1, 1984, the government filed its proposed witness list which included the name of Leo Branton, Jr., an attorney who had appeared as a witness in a prior related action. On February 21, Branton was substituted as lead counsel for the defendant. The government filed a narrative witness list on March 28, which outlined the testimony that Branton and other witnesses were expected to give. On April 2, one day before the trial was scheduled to begin, Branton filed a "Motion to Prohibit Calling of Leo Branton, Jr. as Witness or Motion for Continuance in the Alternative."

After a hearing, the district court disqualified Branton from serving as defense counsel, postponed the trial to allow defendant to obtain new counsel, and ordered Branton to pay sanctions to the government pursuant to 28 U.S.C. § 1927 for the "needless expenditure of tax dollars in connection with the bringing of witnesses and counsel to court and the waste of counsels'· time in preparation for trial". Order for Sanctions at 4–5. The government requested sanctions of $17,382.50. The district court, however, awarded only $6,862.50, finding that not all of the time and money

expended in trial preparation had been lost because of Branton's conduct. Branton has filed a timely appeal of the district court's award of sanctions and the government has filed a timely cross-appeal, seeking the award of the full amount it requested.

## I

### Standard of Review

■ A district court's award of sanctions is reviewable for abuse of discretion. *Lone Ranger Television v. Program Radio Corp.*, 740 F.2d 718, 727 (9th Cir.1984). The factual findings upon which a district court bases an award of sanctions are reviewable under a clearly erroneous standard. *Id.*

## II

### Sanctions against Branton [1]

Branton contends that the district court erred in sanctioning him because 1) the disqualification order was improper; 2) he did not act with the degree of culpability necessary to justify the imposition of sanctions; 3) the delay of the trial was also caused by government misconduct; and 4) the district judge was biased against him. We find these contentions unpersuasive.

### A. The disqualification order

■ Branton's first argument concerns the propriety of the district court's disqualification order. Branton does not, however, purport to appeal his disqualification. It is therefore questionable to what extent the merits of the disqualification order are

properly before this court. Branton argues that his disqualification is reviewable insofar as it formed the basis for the award of sanctions. Assuming arguendo the validity of this contention, we nevertheless find nothing in the disqualification order that necessitates reversal of the award of sanctions.

Branton contends that the district court erred in construing his "Motion to Prohibit Calling of Leo Branton, Jr. as Witness or Motion for Continuance in the Alternative" as a motion for disqualification. Branton asserts that this motion sought either an order prohibiting the government from calling him as a witness, or, alternatively, granting him a brief continuance of the trial so that he could obtain a waiver of disqualification from his client pursuant to California Rule of Professional Conduct 2–111(A)(4).[2] He denies that he ever moved for disqualification. The record indicates otherwise.

Branton's original moving papers described his motion as one "to prohibit the calling of [Branton] as a witness ... or in the alternative ... *for a continuance in order that [Branton] might disqualify himself from trying said case and having an opportunity to secure new counsel.*" Declaration of Leo Branton, Jr. of April 2, 1984 at 3. (emphasis added). At the hearing on this motion, the district judge repeatedly characterized Branton's application as one for disqualification without objection from Branton or his co-counsel.[3]

---

**1.** Because Mr. Branton is a non-party, the order awarding sanctions against him is final and reviewable under 28 U.S.C. § 1291. *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 648 (9th Cir.1982); *Liew v. Breen*, 640 F.2d 1046, 1048 (9th Cir.1981).

**2.** The California Rules of Professional Responsibility are applicable to the Central District of California Federal Court under Local Rule 2.5.1.

**3.** At one point during the hearing, the following exchange took place between Branton and the court:

MR. BRANTON: ...

If that is what he expects to do, and he is going to offer evidence on other issues along those lines, then I feel it incumbent upon me

to testify on behalf of my client that this absolutely is not so. *I cannot testify, your Honor, on behalf of my client that this is not so and still maintain my position as attorney of record because my own credibility is in issue in this case.*

THE COURT: I think that's right. *I think that your motion to be relieved is appropriate, and that's granted.* We'll go ahead with Miss Frahm and have her try the case. I think that's the only way to proceed here.

Transcript of April 3, 1984 at 11 (emphasis added). Later, the court and Branton's co-counsel, Christine Frahm had this colloquy:

MS. FRAHM: Your Honor, the second point that I was going to ask: I realize that you have made statements that indicate what your position is on it, but we would like the oppor-

Branton did not dispute the district court's interpretation of his motion until after the court had disqualified him and postponed the trial. Under these circumstances, Branton cannot now be heard to complain that the court misconstrued his motion.

### B. Branton's Culpability

■ The district court based its order on 28 U.S.C. § 1927, which allows the award of sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." The imposition of liability under this statute requires a finding that an attorney has acted "recklessly or in bad faith." *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir.1983); *Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir.1982).

■ Branton contends that he did not act with the requisite degree of culpability because his conduct conformed to the requirements of California Rule of Professional Conduct 2–111(A)(5), which allows an attorney called as a witness by an adversary to "continue the representation until it is apparent that his testimony is or may be prejudicial to his client." Branton concedes that he knew at the time of his substitution as defense counsel that the government had listed him as a witness but maintains that it did not become apparent that his testimony would be prejudicial to his client until several weeks later when the government filed its narrative witness list. He

asserts that therefore his representation was proper until that time.

This argument misconstrues the rationale of the district court's order. Branton was not sanctioned for failing to disqualify himself, but rather for failing to disclose the *potential* conflict of interest when he became counsel of record "so that his requested substitution could properly be evaluated." Order for Sanctions at 4. At issue is Branton's duty of candor to the court, not simply his understanding of the law of attorney disqualification.[4]

■ An attorney does not simply act as an advocate for his client; he is also an officer of the court. As such, an attorney has a duty of good faith and candor in dealing with the judiciary. *See e.g., Van Bourg, Allen, Weinberg & Roger v. NLRB*, 762 F.2d 831 (9th Cir.1985). The district court found that Branton's failure to disclose his potential conflict was "calculated" and "unreasonable, vexatious, and irresponsible." Order for Sanctions at 4–5. We cannot say that these findings, which address the appropriate legal standard under section 1927, are clearly erroneous. *See Lone Ranger Television*, 740 F.2d at 727.

Mr. Branton's contention that our decision in *Barnd*, 664 F.2d 1339 conflicts with our opinion in this case is without merit. In *Barnd*, the district court had imposed sanctions under 28 U.S.C. § 1927 without a finding that counsel intended to cause a mistrial or that counsel acted in bad faith. We

tunity to review the record and present to the Court and for the record, your Honor, a written summary of what has happened with regard to Mr. Branton's involvement, and how it got to the point of being raised for the first time within the last few days.
THE COURT: There's no necessity for that. *He has been disqualified based on his own motion.*
MS. FRAHM: *That's correct, your Honor,* but you're going to award sanctions against us, and what I'm asking for is an opportunity to file a chronology that would reflect how it—
THE COURT: You can file anything you want, Miss Frahm.
*Id.* at 33 (emphasis added).

**4.** We therefore need not reach the issue of whether Branton's conduct complied with Rule

2–111(A)(5). We note, however, that the applicability of this rule to this case is not entirely clear. By its express terms, the rule applies when an attorney learns of a conflict "after undertaking employment." Here, however, Branton knew that the government had listed him as a witness before he became the counsel of record. We note that Disciplinary Rule 5–101(B) of the American Bar Association's Model Code of Professional Responsibility prohibits an attorney from "accept[ing] employment in contemplated or pending litigation if he knows ... that he ... ought to be called as a witness." However, California has not adopted this rule.

therefore remanded for such findings. 664 F.2d at 1341–42, 1343. Here the district court made a specific finding that Mr. Branton's failure to disclose his potential conflict of interest to the court was "calculated." It noted further that Mr. Branton had been involved in prior litigation on behalf of the same client in which similar conflict issues had been raised, and that Mr. Branton knew that he had been named as a witness by the government before his request to be substituted as counsel in this case. These facts support the district court's conclusion that Mr. Branton's failure to inform the court of his potential conflict was "calculated" and "unreasonable, vexatious, and irresponsible," thus *Barnd* is inapposite.

*C. Branton's Other Contentions*

■ Branton contends that sanctions were inappropriate because of misconduct by the government in filing its narrative witness list 10 days late and in failing to move on its own for Branton's disqualification. Branton's first argument is without merit. The district court specifically considered the government's untimely filing of its narrative witness list in its order sanctioning Branton. The untimely filing of this document in no way affected Branton's earlier decision to become defendant's counsel of record with knowledge that he could be called as a witness. Moreover, even had the narrative witness list been filed on time, the trial would still have been postponed following Branton's disqualification. The extra ten days would clearly not have allowed defendant sufficient time to obtain another attorney who would have been prepared to try the case.[5]

■ The government's failure to move to disqualify Branton raises a more difficult question, because the government had as much reason as Branton to know that a potential conflict of interest existed. The Assistant United States Attorney stated in oral argument that he had considered bringing a disqualification motion but had rejected the idea because Branton had been allowed to appear as both an attorney and a witness in a prior proceeding. The government's failure to act, however, does not mitigate or excuse Branton's misconduct. Branton created the situation that led to the postponement of the trial. Therefore, the court did not abuse its discretion by imposing a duty on him rather than on the government to take corrective action.

■ Finally, Branton argues that Judge Waters was biased against him. He cites as evidence of this "bias" that the district court "glossed over" the government's failure to file its narrative witness list on time and that the court had previously sanctioned him in connection with the filing of a motion to bifurcate the trial. Neither of these asserted grounds supports Branton's contention. The district court specifically noted and disapproved of the government's untimely filing of the narrative witness list.[6] Moreover, as Branton concedes, the district court vacated its award of sanctions in connection with the motion to bifurcate. Thus, Branton has not shown any basis for his allegations of bias.

### III

### The Cross-Appeal

■ The government contends that the district court erred by awarding it a lesser amount of sanctions than it requested. The district court reduced the requested amount because it found that not all of the time and money expended in trial preparation had been lost because of Branton's conduct. Section 1927 authorizes the taxing of only excess costs incurred because of an attorney's unreasonable conduct; it does not authorize imposition of sanctions

---

5. In his motion papers in district court, Branton estimated that defendant would require a 60-day continuance in order to obtain new trial counsel. Declaration of Leo Branton, Jr. of April 2, 1984 at 5.

6. The district judge made the following comments about the government's untimely filing of the narrative witness list.

There is no question that Mr. Branton makes a point that papers filed by Mr. Shefler have not always been filed timely. It's a practice, of course, that is not to be approved, and I don't approve. On the other hand, he is not the only attorney that appears before this Court that has failed to get some papers in on time.
Transcript of July 2, 1984 at 17.

to reimburse a party for the ordinary costs of trial. *United States v. Blodgett,* 709 F.2d 608, 610–11 (9th Cir.1983). Thus, the district court's reduction of the government's request was proper if the court correctly found that not all of the amount sought by the government had been lost by reason of Branton's conduct. The government cites no evidence from which this court could conclude that the district court's findings were clearly erroneous.

## IV

### Sanctions

The government has also requested sanctions against Branton for bringing this appeal. This court has discretion to impose attorney fees and single or double costs as sanctions for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; *DeWitt v. Western Pacific Railroad Co.,* 719 F.2d 1448, 1451 (9th Cir.1983). An appeal is frivolous where the result is obvious or the arguments on appeal wholly lack merit. *Id.* We decline to impose sanctions here because Branton's appeal does not meet that standard.

Accordingly, the order of the district court is AFFIRMED.