SNEED, Circuit Judge:
Once again, we must exercise our jurisdiction to resolve a dispute over attorneys’ fees. In these consolidated cases, we review three bankruptcy court orders assessing attorneys’ fees for vexatious multiplication of proceedings. We affirm the lower courts and assess double costs and fees on the appeals.
I.
FACTS
The facts of this case present a textbook example of the use of litigation to bludgeon opponents into submission.
In November of 1979, Eisenman obtained a state court judgment against the Peoros for $52,226.20, giving Eisenman a lien on the Peoros’ home. On December 26, 1979, the Peoros filed a petition under chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301-1330. Along with the petition, the debtors submitted a proposed plan that would have avoided Eisenman’s lien under section 522(f), leaving Eisenman with only an unsecured claim. Eisenman objected to this treatment of his lien. After a hearing in March 1980, Bankruptcy Judge King rejected Eisenman’s contentions and confirmed the Peoros’ plan. Eisenman did not appeal the April 7 order that confirmed the plan. On October 3, 1980, the Bankruptcy Judge approved an order listing the claims allowed under the plan. Eisenman’s debt was listed as unsecured. Eisenman did not appeal.
In 1981, Eisenman filed an adversary proceeding in the bankruptcy court raising four new issues, all of which are irrelevant to this proceeding. Suffice it to say that all claims were resolved against Eisenman and that Eisenman did not appeal.
*1050 On September 23, 1982, Eisenman filed another adversary proceeding in the bankruptcy court, seeking relief from the stay in order to enforce an alleged equitable lien not discharged in bankruptcy. Judge King dismissed this complaint on res judicata grounds and awarded attorneys’ fees in favor of the Peoros under 28 U.S.C. § 1927. Eisenman appealed this order. After some Marathon -induced jurisdictional snarls, District Judge Henderson summarily affirmed the judgment of Bankruptcy Judge King. Eisenman’s appeal from this judgment is case number 85-2564.
During the intervening years, Eisenman was not idle in the bankruptcy court. The death of Mr. Peoro in May 1983 caused Mrs. Peoro to attempt to refinance her residential mortgage. She was unable to secure title insurance because of the abstract of judgment Eisenman had recorded after his 1979 victory in state court. Mrs. Peoro informally and unsuccessfully sought a stipulation from Eisenman’s attorney that the bankruptcy plan had invalidated Eisenman’s lien. She then filed a motion before the bankruptcy court for a declaratory judgment that the lien was void. Eisenman opposed the motion and attempted to relitigate the validity of the lien that had been invalidated during the 1980 bankruptcy proceedings. The bankruptcy court granted Mrs. Peoro’s motion and imposed sanctions under 28 U.S.C. § 1927 and Bankr.R. 9011 for Eisenman’s vexatious opposition to the motion. In November 1984, District Judge Henderson affirmed the bankruptcy court’s order. Eisenman’s appeal is case number 84-2810.
But Eisenman was not yet finished in the bankruptcy court. Before Bankruptcy Judge King entered his decision on the lien avoidance action, Eisenman’s counsel proposed settlement to Mrs. Peoro. This delayed Judge King’s entry of judgment long enough to enable Eisenman to file a notice of lis pendens, based on the lien avoidance action, in the state real property records. This filing, of course, made it impossible for Mrs. Peoro to secure title insurance, even after Judge King found that the lien had been avoided by the 1980 bankruptcy proceeding. Eisenman refused to withdraw the notice voluntarily. Accordingly, Mrs. Peoro filed a motion in the bankruptcy court to quash the notice of lis pendens. But before the bankruptcy court could rule on this motion, Eisenman filed a motion to withdraw reference to the bankruptcy court. District Judge Patel granted the motion on February 16, 1984. Judge Patel referred the case back to the Bankruptcy Judge to take evidence and recommend findings of fact, conclusions of law, and orders. Bankruptcy Judge King held hearings on the motion to quash and recommended that the motion be granted, with imposition of sanctions for Eisenman’s harassing litigation tactics. Judge Patel adopted Bankruptcy Judge King’s proposals, imposing sanctions alternatively under 28 U.S.C. § 1927, Bankr.R. 9011, and Cal. Civ.Proc.Code § 409.3. Eisenman’s appeal from the imposition of sanctions in this proceeding is case number 84-1929.
The sole issue Eisenman appeals in these cases is the propriety of the sanctions assessed against him by the different judges in his various challenges to the invalidation of his lien in the original bankruptcy proceeding. The different judges based their awards on varying alternative grounds, but 28 U.S.C. § 1927 was an alternative justification for each of the three cases. We have recently detailed the standards of review of the various aspects of awards under 28 U.S.C. § 1927:
If the facts relied upon by the district court to establish a violation of the Rule are disputed on appeal, we review the factual determinations of the district court under a clearly erroneous standard. If the legal conclusion of the district court that the facts constitute a violation of the Rule is disputed, we review the legal conclusion de novo. Finally, if the appropriateness of the sanction imposed is challenged, we review the sanction under an abuse of discretion standard.
In re Itel Securities Litigation (Bader v. Itel Corp.), 791 F.2d 672, 675, (9th Cir.1986) (quoting Zaldivar v. City of Los Angeles, 780 F.2d 823, 828 (9th Cir.1986)). Because *1051 we affirm all three awards under that section, we need not address other bases for the awards of sanctions.
II.
ANALYSIS
Eisenman raises several challenges to the fee awards imposed by the courts below. First, he argues that his opposition to the proceedings was justified because judicial interpretation of section 522(f) of the Bankruptcy Code (the section under which his lien was avoided) was not then clearly established. This is plainly irrelevant. The real legal issue is whether Eisenman had any plausible basis for relitigating this issue after it was decided against him in the original bankruptcy proceeding. Eisenman claims that he had a plausible argument in favor of relitigation, but he has not offered an argument to any court as to why the lien avoidance is not a res judicata. Eisenman vaguely supports this claim by arguing that the original bankruptcy plan did not clearly dispose of his lien. This contention is frivolous. The debtors’ plan sought to invalidate the lien under section 522(f); Eisenman opposed invalidation; and he lost. Accordingly, his claim was listed as unsecured. Section 506 of the Bankruptcy Code, 11 U.S.C. § 506, specifically provides: “To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void.” Basic principles of res judicata bar relitigation. See, e.g., Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427-28, 69 L.Ed.2d 103 (1981).
Eisenman next argues that at least some of the awards must be overturned because the courts failed to make express findings of bad faith. He is correct in arguing that a finding of bad faith is usually necessary to support an award of attorneys’ fees under 28 U.S.C. § 1927. See, e.g., United States v. Associated Convalescent Enterprises, 766 F.2d 1342, 1346-47 (9th Cir.1985); Optyl Eyewear Fashion International Corp. v. Style Cos., 760 F.2d 1045, 1050-51 (9th Cir.1985). In two of the cases — Nos. 84-2810 and 84-1929 — the judgments expressly found bad faith. This argument, then, applies only to No. 85-2564.
In that case, the district court extensively listed Eisenman’s multiplication of proceedings and then stated: “EISENMAN’S latest complaint, being barred by the doctrine of res judicata and being undoubtedly unmeritorious in the first instance ..., can only be described as vexatious litigation which has unreasonably increased the costs and multiplied the proceedings in this court____” 1 Excerpt of Record at 202 (Conclusion of Law 9).
Admittedly, these findings do not include the words “bad faith.” But these words are not talismans required for affirmance. We have affirmed awards that did not contain the words “bad faith.” See Associated Convalescent Enterprises, 766 F.2d at 1346-47 (holding that a finding that misconduct was “calculated” was sufficient to uphold award under 28 U.S.C. § 1927).
We think the statements “undoubtedly unmeritorious” and “vexatious litigation which has unreasonably increased the costs and multiplied the proceedings in this court,” made after full hearings, are sufficient under Associated Convalescent Enterprises. It is not reasonable to demand inclusion of the words “bad faith,” words not in the relevant statute, to reluctantly accept a surrogate term like “calculated,” as we did in Associated Convalescent Enterprises, but then to reverse when the district court judge uses the actual words of the statute to phrase his findings. We reject this contention.
Eisenman’s third argument is that the findings by the lower court judges did not reflect the proper considerations. He argues that all of the judges relied too much on the substantive merits of his argument instead of relying on his subjective intentions in making this argument. We disagree. It is clear that the crucial element for a fee award under 28 U.S.C. § 1927 is “bad faith.” See, e.g., Optyl, 760 F.2d at 1050-51. It is nonsense to argue that the *1052 legal value of the arguments advanced is irrelevant to the subjective motivation behind those arguments. The courts below applied the correct standard, finding “bad faith.” Because Eisenman has advanced no credible arguments that those findings were incorrect, we decline to overturn them.
Eisenman’s fourth argument is that we can impose fees “only in exceptional cases and for dominating reasons of justice.” Appellant’s Opening Brief at 11 (quoting United States v. Standard Oil Co., 603 F.2d 100, 103 (9th Cir.1979) (quoting 6 J. Moore, W. Taggart & J. Wicker, Moore’s Federal Practice 1154.77[2], at 1709-11 (1972))) (internal quotation marks omitted). But Moore’s treatise, and the cases Eisen-man relies on, such as Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), refer only to the equitable power of the judiciary to assess fees. They have no place in this case, where the award of fees rested on a specific statute, 28 U.S.C. § 1927. The policy arguments that restrain a court from making fee awards in its own discretion are simply inapplicable when Congress has mandated fee awards, as it has in the circumstances of this ease.
Finally, Eisenman argues that his opposition to the lien avoidance procedure and his filing of the notice of lis pendens cannot be a basis for a fee award because he acted in accordance with the prescribed procedural rules. This is yet another frivolous claim. Sanctions were not imposed because he filed an improper notice; they were imposed because it was improper to file a notice at all. 28 U.S.C. § 1927 provides for sanctions when proceedings are multiplied vexatiously. It is obviously irrelevant that Eisenman complied with the procedures. In fact, his compliance probably made his attempts to delay more successful.
In short, Eisenman has raised only frivolous arguments against the orders of the courts below. We affirm those orders.
III.
COSTS AND ATTORNEYS’ FEES ON APPEAL
 Mrs. Peoro seeks double costs and attorneys’ fees on appeal. We can award such relief only “ ‘if the result is obvious or if the claims of error are wholly without merit.’ ” Orange Belt District Council of Painters No. 48 v. Kashak, 774 F.2d 985, 991 (9th Cir.1985) (quoting Malhiot v. Southern California Retail Clerks Union, 735 F.2d 1133, 1137 (9th Cir.1984)). If Eisenman had challenged the invalidation of his lien before us, his conduct would clearly have met this standard. But he has finally ceased to contest the merits of this dispute; before us, he challenged only the assessment of fees for his multiplicative litigation tactics. Nevertheless, we think it appropriate to assess double costs and attorneys’ fees against Eisenman for this appeal. He has presented only frivolous arguments. We view this appeal as just another stage in his long abuse of the federal judicial system. Although we recognize the frustration Mr. Eisenman feels at the invalidation of his lien in bankruptcy, the fairness of the bankruptcy system, as applied to him, is not at issue here. In our society many disputes are resolved by courts. One of the fundamental requirements of a judicial system is finality. Eisenman has willfully chosen to ignore the final bankruptcy decision against him; he should pay the costs that willfulness has imposed on Mrs. Peoro.
The appellees shall recover their taxable costs, which shall be doubled. In addition, they shall recover reasonable attorneys’ fees against the appellant for the appeal. For purposes of this case, the amount of attorneys’ fees shall be determined by affidavits of the appellees, which shall be filed within thirty days, and by any opposition thereto, which may be filed by appellant within twenty days thereafter.
AFFIRMED.