52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HISPANOS UNIDOS, et al., Plaintiffs-Appellants-Cross-Appellees,
v.
SCAB ROCK FEEDERS, INC., Defendant-Appellee-Cross-Appellant.
 Nos. 93-35975, 93-36098, 93-36154.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1995.*
Decided April 18, 1995.
 
 Before: WRIGHT, POOLE, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In consolidated appeals, Hispanos Unidos, Washington Trout, Irene Salas, and Central Basin Audubon Society (collectively "Citizens") appeal the district court's dismissal of their suit under the Clean Water Act ("CWA"), 33 U.S.C. Secs. 1251-1376, against Scab Rock Feeders, Inc. ("Scab Rock") for lack of subject matter jurisdiction. The Citizens alleged that Scab Rock discharged pollutants from its feedlot in violation of the CWA. The Citizens contend that the district court erred by finding that their 60-day notice letter was jurisdictionally defective, and awarding attorney's fees to Scab Rock. Scab Rock cross-appeals that the district court erred by awarding it a lesser amount of attorney's fees than it requested. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm both the dismissal for lack of subject matter jurisdiction and the fee award.
 
 
 3
 * We recently held that at a 60-day notice letter similar to the one at issue here did not meet the regulations promulgated under the CWA. See Washington Trout v. McCain Foods, Inc., 45 F.3d 1351, 1354-55 (9th Cir.1995) (holding that the failure to provide the dates of the alleged violations or the addresses and phone numbers of the plaintiffs in the notice, as required by the CWA, deprived the district court of subject matter jurisdiction). Following Washington Trout, we hold that the district court properly dismissed the Citizens' action for lack of subject matter jurisdiction.
 
 II
 
 4
 We review for abuse of discretion the district court's award of attorney's fees and sanctions. Elks Nat'l Foundation v. Weber, 942 F.2d 1480, 1485 (9th Cir.1991) (reviewing for abuse of discretion fees under 42 U.S.C. Sec. 1983 and Rule 11 sanction), cert. denied, 112 S.Ct. 2995 (1992). Under this standard, "we may not reverse unless we have a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Maag v. Wessler, 993 F.2d 718, 719 (9th Cir.1993). We review for clear error the court's factual findings underlying a fee award. United States v. Associated Convalescent Enter., Inc., 766 F.2d 1342, 1345 (9th Cir.1985).
 
 
 5
 The CWA allows the district court to award attorney's fees to a prevailing party if the court determines that such an award is appropriate. 33 U.S.C. Sec. 1365(d). Such fees are appropriate if the plaintiffs bring an action that is groundless or without foundation. See Weber, 942 F.2d at 1485. Title 28 U.S.C. Sec. 1927 authorizes sanctions against an attorney who "unreasonably and vexatiously multipl[ies] proceedings." MGIC Indem. Corp. v. Moore, 952 F.2d 1120, 1122 (9th Cir.1991). Sanctions under Sec. 1927 usually require a finding of subjective bad faith. In re Peorro, 793 F.2d 1048, 1051 (9th Cir.1986). The inclusion of the words "bad faith," however, are not magical words necessary for an affirmance. Id. We have previously concluded that the district court's reliance on the actual words of Sec. 1927 to phrase its findings was sufficient. Id. A party awarded fees under Sec. 1927 is limited to the amount lost due to counsel's misconduct. Associated Convalescent Enter., 766 F.2d at 1347-48.
 
 
 6
 Here, the district court dismissed the Citizens' initial action without prejudice for failure to meet the jurisdictional notice requirements of the CWA. The court rejected the Citizens argument that substantial, rather than strict, compliance with the notice requirements was sufficient. The Citizens then filed an amended complaint which included a new plaintiff, but relied on the same deficient notice. The Citizens again argued that substantial compliance satisfied the notice requirements. Scab Rock filed a motion to dismiss and requested attorney's fees. The court granted the dismissal motion and awarded fees jointly and severally against the Citizens and their counsel.
 
 
 7
 We hold that, because the Citizens filed an amended complaint based upon the same defective notice, the district court did not abuse its discretion by awarding attorney's fees against the Citizens. See, e.g., Weber, 942 F.2d at 1485 (no abuse of discretion where court awarded fees against unsuccessful plaintiff under 42 U.S.C. Sec. 1988 for groundless action). Furthermore, we conclude that the district court's statement "Mr. Kloos's [Citizen's counsel] action in filing the present suit unreasonably and vexatiously multiplied the proceedings in this litigation" was a sufficient finding for imposing a Sec. 1927 sanction. See In Re Peoro, 793 F.2d at 1051; Associated Convalescent Enter., 766 F.2d at 1346-47. Therefore, the district court's imposition of Sec. 1927 sanction was proper.
 
 III
 
 8
 We have carefully reviewed the record and cannot say the district court clearly erred by awarding a lesser amount of attorney's fees than requested by Scab Rock. In light of the initial dismissal motion, the $3,473.42 award adequately reflected the additional expenditures incurred by Scab Rock as a result of the duplicative proceedings. See Associated Convalescent Enter., 766 F.2d at 1348. Although we may award attorney's fees to a prevailing defendant on appeal, we reject Scab Rock's request to do so here. The Citizens raised an arguable issue which had not been previously addressed by this Court; therefore, their case was not unreasonable or frivolous. See United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 648 (9th Cir.), cert. denied, 479 U.S. 1009 (1986); see also Associated Convalescent Enter., 766 F.2d at 1348 ("[A]n appeal is frivolous where the result is obvious or the arguments on appeal wholly lack merit.").
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3