Martha P. SCHMITZER, Plaintiff,

and

Meir J. Westreich, Appellant,

v.

COUNTY OF RIVERSIDE,
Defendant–Appellee.

No. 00–56396.

D.C. No. CV–98–00763–NM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2001.

Decided Jan. 10, 2002.

Before FERGUSON, T.G. NELSON, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Meir Westreich, who was Martha Schmitzer's attorney for her § 1983 lawsuit against Riverside County, appeals the district court's award of attorney's fees to Riverside under 28 U.S.C. § 1927. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

■ We review a district court's entry of sanctions under 28 U.S.C. § 1927 for abuse of discretion.[1] Westreich argues that the district court should not have awarded attorney's fees because his novel legal theory was a good-faith effort to extend the law. Riverside argues that Schmitzer's claims had little or no chance of success and that Westreich was "reckless" in pursuing Schmitzer's lawsuit.[2] We need not decide which of these arguments is correct because we conclude that Westreich did not "multiply" the proceedings.

The plain language of § 1927 provides for sanctions only if an attorney "multiplies the proceedings ... unreasonably and vexatiously."[3] Riverside's arguments

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1117 (9th Cir. 2000).

2. *See United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1346 (9th Cir. 1985) ("The imposition of liability under [§ 1927] requires a finding that an attorney has acted recklessly or in bad faith.") (internal quotation marks and citation omitted).

3. 28 U.S.C. § 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so mul-

go to the "unreasonable" and "vexatious" elements. Riverside is entitled to a § 1927 fee award, however, only if Westreich also "multiplied" the proceedings.

█ Westreich's conduct in this case caused only a single additional "proceeding"—summary judgment. Summary judgment ended this case; rather than creating new questions or issues to be litigated, it resolved the underlying dispute. Thus, summary judgment did not "multiply" the proceedings: it brought the case to a conclusion. We reject Riverside's argument that Schmitzer's claims were so meritless that the summary judgment process alone constituted an unnecessary multiplication of the proceedings. Summary judgment is a common means of disposing of non-meritorious cases—particularly where, as here, the defendant never challenged the plaintiff's lawsuit with a motion to dismiss for failure to state a claim, thus increasing the likelihood that the case would go all the way to summary judgment—and § 1927 does not authorize sanctions to reimburse a party for the "ordinary costs" of litigation.[4]

█ Riverside argues that sanctions are nonetheless appropriate because Westreich delayed in offering to settle after he determined that a then-recent case from this court undercut his legal theory, and because he filed Schmitzer's one-sentence response to summary judgment three days late.[5] These facts are irrelevant. It may be that Westreich could have acted more expeditiously and could have filed a more detailed and substantial summary judgment response; but even so, his conduct did not multiply the proceedings.[6] Thus, § 1927 does not authorize sanctions in this case.

The district court abused its discretion in imposing § 1927 sanctions because Westreich did not "multiply" the proceedings, regardless of how his conduct is characterized.

REVERSED.

---

tiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

4. *Associated Convalescent Enters., Inc.,* 766 F.2d at 1347–48.

5. The district court's order relied on the same considerations.

6. An attorney's delays and failures to act warrant § 1927 sanctions only if they are so egregious as to "multiply" the proceedings. *See West Coast Theater Corp. v. City of Portland,* 897 F.2d 1519, 1528 (9th Cir.1990) (affirming § 1927 sanctions where counsel failed to provide any evidence of discriminatory intent, failed to answer interrogatories, failed to respond to a document demand and failed to drop the case after improperly serving a defendant).