Kay LINDNER; et al., Plaintiffs–
Appellants,

v.

**READER'S DIGEST ASSOCIATION,
INC., a Delaware corporation,
Defendant–Appellee.**

No. 05–55844.

United States Court of Appeals,
Ninth Circuit.

Submitted April 20, 2007.*

Filed May 9, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

 Fed. R.App. P. 34(a)(2).

Matthew S. Hale, Esq., Newport News, VA, for Plaintiffs–Appellants.

Brad W. Seiling, Esq., Manatt Phelps & Phillips, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: FARRIS and GOULD, Circuit Judges, and DUFFY **, District Judge.

## MEMORANDUM ***

Plaintiffs-appellants alleged that Reader's Digest Association, Inc. violated the Postal Reorganization Act, 39 U.S.C. § 3009, and related state laws by sending and billing them for unordered magazines. The district court dismissed or granted summary judgment on all claims. We affirm.

■ Nominal damages are generally awarded only to "vindicate important civil and constitutional rights that cannot be valued solely in monetary terms." *See City of Riverside v. Rivera*, 477 U.S. 561, 574, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986). Violations of § 3009 are properly remedied by the Federal Trade Commission, *see* 15 U.S.C. § 45(a)(2), the recipient treating the merchandise as a gift, *see* § 3009(b), or the recipient pursuing a private cause of action for restitutionary damages, *see Kipperman v. Acad. Life Ins. Co.*, 554 F.2d 377, 380 (9th Cir.1977). Nominal damages are neither required nor available. Appellants other than Sanders thus failed to state a claim upon which relief could be granted. *See Navarro v. Block*, 250 F.3d

729, 732 (9th Cir.2001). Dismissal of their claims was appropriate.

Reader's Digest met its burden in its motion for summary judgment against Sanders. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Sanders did not establish that he had a § 3009 cause of action relating to his own subscriptions within the limitations period. He thus failed to bring forward specific facts showing a genuine issue. Summary judgment was appropriate.

We review decisions to set aside entry of default for abuse of discretion. *See O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994). District courts have "especially broad" discretion to set aside entry of default. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir.1986). The filing delay did not prejudice Sanders' ability to respond to Reader's Digest's answer and Reader's Digest had a meritorious defense to Sanders' claims. The district court acted within its discretion. *See O'Connor*, 27 F.3d at 364.

■ We review decisions whether or not to award sanctions for abuse of discretion. *United States v. Associated Convalescent Enter., Inc.*, 766 F.2d 1342, 1345 (9th Cir. 1985). District courts enjoy wide latitude in assessing whether sanctions are appropriate. *See Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir.1995). Appellants and Reader's Digest did discuss the amended complaint as required by local rule 7–3, though in little detail and for only "three (3) minutes or less." Reader's Digest may have stretched the truth by describing the brief conversation as "conferences," but the district court acted within its discretion

---

** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

in refusing to find that it was an attempt to commit fraud on the court.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.