Gwendolyn M. WILLIAMS, Plaintiff,

and

Kelechi Charles Emeziem,
Attorney, Appellant,

v.

MT. DIABLO UNIFIED SCHOOL
DISTRICT, Defendant–
Appellee.

No. 06–16441.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 16, 2008.

Filed July 3, 2008.

Kelechi Charles Emeziem, pro se.

Louis A. Leone, Marina B. Pitts, Stubbs & Leone, Walnut Creek, CA, Nancy A. Huncke, for Defendant–Appellee.

Before: B. FLETCHER and RYMER, Circuit Judges, and DUFFY *, Senior District Judge.

## MEMORANDUM **

Appellant Kelechi Charles Emeziem appeals the district court's imposition of sanctions under 28 U.S.C. § 1927 in the amount of $11,764.50. The district court did not abuse its discretion by ordering sanctions against Emeziem in this amount.

▇ We review the district court's sanctions order for abuse of discretion. *See Patelco Credit Union v. Sahni,* 262 F.3d 897, 912–13 (9th Cir.2001). The district court found that Emeziem recklessly multiplied proceedings by failing to investigate claims that his client had submitted forged documents in opposition to summary judgment, filed a pre-trial statement denying that the documents had been falsified, and submitted a twelve-person witness list and subsequently calling only one witness at trial. The district court did not abuse its discretion by finding these actions multiplied proceedings and were "reckless," which is all that is required to impose sanctions under § 1927. *See Fink v. Gomez,* 239 F.3d 989, 993 (9th Cir.2001).

▇ Similarly, the district court did not abuse its discretion as to the amount of sanctions awarded. Section 1927 sanctions are limited to "excess costs arising from an attorney's unreasonable and vexatious conduct; [the statute] does not authorize imposition of sanctions in excess of costs reasonably incurred because of such conduct." *United States v. Blodgett,* 709 F.2d 608, 610–11 (9th Cir.1983). The district court's sanctions award included only the fees incurred by Defendant's counsel in preparation for trial and at trial itself. The district court thus limited the award to the fees incurred as a result of Emeziem's reckless conduct; nothing in the record indicates that an award in this amount was clearly erroneous. *See United States v. Assoc. Convalescent Enterpr., Inc.,* 766 F.2d 1342, 1347–48 (9th Cir.1985).

**AFFIRMED.**

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.