**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Geraldine Marie BLODGETT, Defendant.**

**In re Hector C. PEREZ,**
**Movant-Appellant.**

**No. 82–5625.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 1983.

Decided July 1, 1983.

Cal., Alan Ellis, Philadelphia, Pa., James R. Dunn, Peter M. Horstman, Thomas J. Rannen, Federal Public Defenders Office, Los Angeles, Cal., for amicus curiae.

Before SCHROEDER and PREGERSON, Circuit Judges, and THOMPSON,* District Judge.

PREGERSON, Circuit Judge:

In this case we must determine the circumstances under which a district court may impose monetary sanctions on an attorney for filing a frivolous appeal. We hold that a district court has the power to sanction counsel for filing a frivolous appeal in bad faith, which includes one filed solely for purposes of delay. The amount of the sanctions, however, should not exceed expenses reasonably incurred in opposing the appeal, nor should sanctions be imposed without a hearing.

## FACTS

Appellant Hector C. Perez was Geraldine Marie Blodgett's defense counsel. Blodgett and three co-defendants were indicted by a federal grand jury for conspiring to distribute controlled substances, 21 U.S.C. § 846, and distributing controlled substances, 21 U.S.C. § 841(a)(1). Before trial, Perez filed a motion to dismiss the indictment against Blodgett on the ground of selective prosecution. The allegation of selective prosecution had two bases: (1) that Blodgett was prosecuted because she was a woman and (2) that she was prosecuted because she was a "non-doctor." In support of the motion, Perez submitted his own declaration, based on information obtained through discovery, that the government had not criminally prosecuted four male doctors suspected of excessively prescribing controlled substances. Perez made this contention despite the fact that all three of Blodgett's co-defendants were male and two were doctors. The district court found that there was insufficient evidence to support the

Patricia Collins, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

William K. Shipley, Shipley & Perez, Newport Beach, Cal., for movant-appellant.

Howard W. Gillingham, Richard H. Kirschner, Edward J. Horowitz, Los Angeles,

* The Honorable Bruce R. Thompson, Senior United States District Judge, District of Nevada, sitting by designation.

allegation of selective prosecution and denied the motion.

Perez filed an interlocutory appeal from the district court's order. He also moved the district court to stay the proceedings pending disposition of the appeal. In granting the stay, the district court noted that the appeal was "frivolous" and "unmeritorious."

The government filed an emergency motion for summary affirmance of the district court's order, arguing that the selective prosecution motion was frivolous. This court summarily affirmed the order and remanded the matter to the district court without commenting on the appeal's frivolousness.

On remand, the district court ordered Perez to pay $500 in sanctions for bringing a frivolous appeal and for "unnecessarily consuming time." Perez moved the district court to reconsider its order and remit the fine. The district court denied his motions. Perez paid the $500 and filed this appeal. We have jurisdiction under 28 U.S.C. § 1291. *See Liew v. Breen,* 640 F.2d 1046, 1048 (9th Cir.1981).

ANALYSIS

■ The district court's authority to sanction counsel is undoubted. The court's order indicates that Perez was sanctioned under 28 U.S.C. § 1927. That section states:

Any attorney ... in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In addition to this statutory authority, a district court has the inherent power to impose sanctions on counsel who "willfully abuse[s] judicial processes." *Roadway Ex-*

*press, Inc. v. Piper,* 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980); *accord, Barnd v. City of Tacoma,* 664 F.2d 1339, 1342 (9th Cir. 1982).[1] The imposition of sanctions under section 1927 requires a finding that counsel acted "recklessly or in bad faith," *Barnd,* 664 F.2d at 1343 (9th Cir.1982), while those imposed under the court's inherent power require a finding that counsel's conduct "constituted or was tantamount to bad faith," *Roadway,* 447 U.S. at 767, 100 S.Ct. at 2465. Accordingly, we conclude that the district court had the power to sanction counsel for filing a frivolous appeal in bad faith, and that filing solely for purposes of delay constitutes bad faith.

■ However, as the Supreme Court made clear in *Roadway,* "sanctions ... should not be assessed lightly or without a fair notice and an opportunity for a hearing on the record." 447 U.S. at 767, 100 S.Ct. at 2464. Where, as here, the conduct giving rise to the imposition of sanctions occurred outside the presence of the court, counsel should be provided an opportunity to explain his conduct. *See In re Allis,* 531 F.2d 1391, 1392 (9th Cir.1976).

■ No such opportunity was provided in the instant case. While on the facts we cannot conclude that the district court erred in finding that the appeal was frivolous, the mere fact that an appeal is frivolous does not of itself establish bad faith. To establish bad faith on this record, a hearing was required to determine if the appeal was taken solely for purposes of delay.

■ Moreover, the record is unclear whether the $500 sanction imposed on Perez represents the actual costs and expenses incurred by the government in opposing the appeal. Section 1927 only authorizes the taxing of excess costs arising from an attorney's unreasonable and vexatious conduct; it does not authorize imposition of sanctions

1. This court has suggested that district judges consider imposing sanctions for "the filing of frivolous and dilatory motions to dismiss based on vindictive prosecution grounds and for the filing of frivolous appeals from the denial of such motions." *United States v. Burt,* 619 F.2d 831, 838 n. 10 (9th Cir.1980). We note, however, that the Supreme Court recently held in *United States v. Hollywood Motor Car Co., Inc.,* — U.S. ——, 102 S.Ct. 3081, 3085, 73 L.Ed.2d 754 (1982), that an order denying a motion for vindictive prosecution is not an appealable final decision under 28 U.S.C. § 1291.

in excess of costs reasonably incurred because of such conduct. Similarly, cases that have considered the district court's inherent power to sanction attorneys for litigating in bad faith have related such sanctions to the amount of fees incurred by the opposing party, *see, e.g., Roadway,* 447 U.S. at 766, 100 S.Ct. at 2464, and have not based sanctions on increased costs experienced by the court, *United States v. Ross,* 535 F.2d 346, 351 n. 3 (6th Cir.1976).

## CONCLUSION

The district court's order is reversed, and the case is remanded to the district court for a hearing consistent with the views herein expressed.

Reversed and remanded.