**COMPUTER ASSOCIATES INTERNATIONAL, INCORPORATED, Plaintiff–Appellant,**

v.

**ALTAI, INCORPORATED, Defendant–Appellee.**

**No. 203, Docket 89–7523.**

United States Court of Appeals, Second Circuit.

Argued Oct. 23, 1989.

Decided Jan. 3, 1990.

Stephen D. Kahn, New York City (Jeffrey L. Kessler, Stuart D. Levi, Beth K. Neelman, Weil, Gotshal & Manges, New York City, Michael A. McElroy, Computer Associates Intern., Inc., Garden City, N.Y., of counsel), for plaintiff-appellant.

Mack Ed Swindle, Fort Worth, Tex. (Gandy, Michener, Swindle, Whitaker & Pratt, Fort Worth, Tex., Russell Falconer, Brumbaugh, Graves, Donohue & Raymond, New York City, of counsel), for defendant-appellee.

Before OAKES, Chief Judge, and KEARSE and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

The central question presented by this appeal is whether the district court abused its discretion in refusing to enjoin the prosecution of a later commenced action in another district court. Plaintiff-appellant Computer Associates International, Inc. ("Computer Associates") appeals from an order entered in the United States District Court for the Eastern District of New York (Jacob Mishler, *Judge*), denying Computer Associates' motion for an injunction. Computer Associates sought to enjoin defendant-appellee Altai, Inc. ("Altai") from further prosecution of an action initiated by Altai in the Northern District of Texas (the "Texas action"). Computer Associates, which had previously moved the Texas district court to dismiss, stay or transfer Altai's Texas action, contended that the Texas action claims should have been interposed as compulsory counterclaims to the claims previously asserted by Computer Associates in the Eastern District of New York (the "New York action"). It argued that the crux of the Texas action was that Computer Associates lacked good faith in alleging claims of copyright infringement, trade secret misappropriation, and unfair competition against Altai in the New York action.

Judge Mishler refused to issue an injunction, citing the absence of a logical relationship between claims raised in the New York and Texas actions. He also noted the pendency before the Texas district court of Computer Associates' motion to dismiss based on its compulsory counterclaim theory. On this appeal, as in the district court, Computer Associates argues that Altai's claims in the Texas action should have been interposed as compulsory counterclaims to Computer Associates' New York action, Fed.R.Civ.P. 13(a), and that Altai should have been enjoined from prosecuting the Texas action. For the reasons set forth

below, we affirm the decision of the district court.

## BACKGROUND

In August 1988, Computer Associates instituted an action in the District of New Jersey, alleging copyright infringement, trade secret misappropriation, and unfair competition by Altai. In essence, these claims asserted that Altai wrongly misappropriated Computer Associates' CA–SCHEDULER program and copied segments of that program into its ZEKE and ZACK scheduling programs. This action was subsequently transferred to the Eastern District of New York by agreement of the parties.

Four months after Computer Associates commenced litigation, Altai initiated a lawsuit in the Northern District of Texas. Altai claimed tortious interference, libel, slander, and various antitrust violations by Computer Associates. Altai alleged that Computer Associates' primary purpose for instituting the New York action was to damage Altai's business reputation. Furthermore, Altai claimed that, subsequent to commencement of the New York action, Computer Associates disseminated false information intended to disparage Altai in the marketplace. Altai also asserted that Computer Associates had engaged in various unlawful monopolizing and predatory practices, including the anticompetitive acquisition of competitors.

Computer Associates moved the Texas district court to dismiss, stay, or transfer Altai's Texas action. In support of its motions, Computer Associates asserted that Altai's claims in the Texas action were properly compulsory counterclaims to the New York action. According to Computer Associates, Altai's claim that the New York action was instituted as a marketing device and lacked good faith would be resolved by litigating the New York action. In response, Altai argued that its tortious interference, libel, and slander claims related not only to Computer Associates' initiation of the New York action, but also to misrepresentations made by Computer Associates following commencement of that action.

As a result, asserted Altai, litigating the merits of the New York action would not resolve all issues raised in the Texas action. Altai further asserted that its claims against Computer Associates for monopolization, attempt to monopolize, and monopolistic or anticompetitive acquisitions were largely unrelated to the New York action.

The Texas district court denied the motion to dismiss or stay and the motion to transfer the action before it, finding that "Altai's claims are sufficiently different from those which form the basis for Computer Associates' claims as to require different factual proof." While these motions were pending before the Texas district court, however, Computer Associates moved the New York district court to enjoin Altai's further prosecution of the Texas action. The basis for the requested injunction was substantively identical to the arguments it had presented to the Texas district court in favor of its motions to dismiss or stay. Judge Mishler determined that the issues raised in the Texas action were not compulsory counterclaims to the New York action. In addition, he expressed the view that, since the Texas district court was considering the identical question, it would have been inappropriate to grant an injunction at that time. Accordingly, the New York district court denied Computer Associates' motion requesting an injunction.

## DISCUSSION

On appeal, as in the district court, Computer Associates asserts that the claims raised by Altai in the Texas action should have been interposed as compulsory counterclaims to Computer Associates' New York action. Fed.R.Civ.P. 13(a). It contends that the New York district court erred in refusing to enjoin Altai from prosecuting the Texas action. We take jurisdiction over this appeal pursuant to 28 U.S.C. § 1292(a)(1) (1982 & Supp. V 1987).

Under this Circuit's first-filed rule, a district court "may enjoin the suitor in [a] more recently commenced case from taking any further action in the prosecution of that case" if the claims presented in the

second action should have been interposed as compulsory counterclaims to the claims in the suit pending before it. *National Equip. Rental, Ltd. v. Fowler*, 287 F.2d 43, 45 (2d Cir.1961); *see Meeropol v. Nizer*, 505 F.2d 232, 235 (2d Cir.1974) ("Where an action is brought in one federal district court and a later action embracing the same issue is brought in another federal court, the first court has jurisdiction to enjoin the prosecution of the second action.").

■ However, the district court's decision not to enjoin Altai from further prosecuting the Texas action was based on its determination that the claims asserted there were not compulsory counterclaims to the claims asserted in the first filed New York action. We agree. Fed.R.Civ.P. 13(a) requires that a "pleading shall state as a counterclaim any claim ... if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." The test for determining what constitutes the same "transaction or occurrence" is whether there exists a logical relationship between the claim and the counterclaim. *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir.1979); *see United Artists Corp. v. Masterpiece Productions, Inc.*, 221 F.2d 213, 216 (2d Cir.1955). This inquiry is flexible and "attempts to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir.1978).

Applying these principles to the present case, it is apparent that Altai's claims in the Texas action were not compulsory counterclaims to the claims asserted in the New York action. Altai's Texas action claims of tortious interference with contractual relations and business disparagement relate not only to the initiation of the New York action, as Computer Associates contends, but also to Computer Associates' conduct subsequent to commencement of the New York action. Similarly, the Texas action claims of libel and slander present factual questions relating to Computer Associates' conduct *following* initiation of the New York action. These factual issues will not be resolved by the New York district court's determination of whether or not Computer Associates' action was initiated in good faith. Moreover, Altai's libel and slander claims present legal issues not found in Computer Associates' copyright infringement action. *See Harris*, 571 F.2d at 124 ("[A] counterclaim which stems from the filing of the main action and *subsequent* alleged defamations is not a compulsory counterclaim covered by Rule 13(a)."). Also, Altai's claims of predatory conduct, including anticompetitive acquisitions, in violation of the Sherman Act, 15 U.S.C. § 2 (1988), and the Clayton Act, 15 U.S.C. § 18 (1988), are largely unrelated to the New York action. *See, e.g., Mead Data Central, Inc. v. West Publishing Co.*, 679 F.Supp. 1455, 1461–62 (S.D.Ohio 1987). Since the claims presented by Altai in the Texas action were not compulsory counterclaims to the claims in Computer Associates' New York action, an injunction against the further prosecution of the Texas action would have been inappropriate under the first-filed rule.

■ Finally, it must be noted that the decision whether to enjoin the prosecution of litigation subsequently commenced in another district court is "a matter resting in the discretion of the court." *National Equip. Rental*, 287 F.2d at 47 (Lumbard, Ch. J., concurring in part and dissenting in part); *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1204 (2d Cir.1970). The broad discretion afforded district courts in this area was recognized by the Supreme Court in *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183–84, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952):

> Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems. The factors relevant to wise administration here are equitable in nature. Necessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.

On the record before us, the district court's refusal to enjoin further prosecution of the Texas action was not an abuse of discretion.

## CONCLUSION

In light of the foregoing, we affirm the order of the district court.