**PREMIER COMMERCIAL CORPORATION, LIMITED, Plaintiff,**

v.

**FMC CORPORATION, et al., Defendants.**

**FMC CORPORATION, Counterclaimant,**

v.

**PREMIER COMMERCIAL CORPORATION, LIMITED and Husain Nasser, Counterdefendants.**

**Civ. No. C–90–20188 (SW).**

United States District Court, N.D. California.

Nov. 21, 1991.

tiff's cause because his counsel did not express     any such reliance in his affidavit.

Ralph Alldredge, San Francisco, Cal., for plaintiff.

Ronald Katz, San Jose, Cal., for defendants.

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT'S ORDER IMPOSING SANCTIONS; REIMPOSING SANCTIONS

SPENCER WILLIAMS, District Judge.

The Ninth Circuit has held that a frivolous argument in an otherwise nonfrivolous motion does not warrant sanctions under Fed.R.Civ.P. 11. *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1540 (9th Cir.1986), *reh'g en banc denied*, 809 F.2d 584 (9th Cir.1987). The issue here is whether this Court has *any* authority to impose monetary sanctions upon an attorney who deliberately misrepresents legal authority in support of a nonfrivolous motion. The Court concludes that it does have such authority under both 28 U.S.C. § 1927 and the Court's inherent power to promote the orderly and just administration of its caseload.

Accordingly, Defendant's motion for reconsideration of this Court's order imposing sanctions is GRANTED. The Sanction of $1,500.00 payable to Plaintiff's attorney is HEREBY REIMPOSED, not under Fed.R.Civ.P. 11, but under 28 U.S.C. § 1927 and this Court's inherent powers.

## BACKGROUND

Only weeks before the scheduled September 1991 trial date, Defendant FMC moved to add new counterclaims to this lawsuit. Although the existing claims and counterclaims related to the performance of brokerage agreements executed in 1981 and 1988, the new counterclaims focused on defamatory statements allegedly made by Counterdefendant Husain Nasser in May 1991, more than a year after this lawsuit was filed. Despite the lack of connection between the claims, Defendant FMC urged this Court to permit the amendment, arguing that it might otherwise be barred from bringing the claims by the doctrine of claim preclusion.

This Court denied the motion to amend, finding the proposed counterclaims permissive rather than compulsory under Fed.R.Civ.P. 13. As permissive counterclaims, they required an independent basis of subject matter jurisdiction. Because Defendant did not allege facts sufficient to establish this Court's subject matter jurisdiction, the claims could not be added.

In addition, this Court imposed sanctions upon Defendant's attorney for falsely as-

serting in his reply brief that the Second Circuit's holding on similar facts was based on a test rejected in the Ninth Circuit. In fact, the Second Circuit applied the very test that Defendant quoted as the Ninth Circuit test. *See Computer Associates Int'l, Inc. v. Altai, Inc.*, 893 F.2d 26, 29 (2nd Cir.1990). Because Defendant's assertion was clearly unwarranted by existing law, this Court imposed sanctions of $1,500.00 pursuant to Fed.R.Civ.P. 11.

Now Defendant moves this Court to reconsider its order imposing sanctions on three grounds: (1) that Defendant was not given a fair opportunity to address the motion for sanctions; (2) that Defendant did not misrepresent the law in its brief; and (3) that Fed.R.Civ.P. 11 does not permit sanctions to be imposed unless the motion as a whole is frivolous.

## DISCUSSION

### I. NOTICE AND OPPORTUNITY TO RESPOND

■ Although Plaintiff moved for Rule 11 sanctions as part of its opposition to Defendant's motion to add counterclaims, the specific misrepresentation of authority in Defendant's reply brief was not brought to the Court's attention until oral argument. Defendant did defend itself orally at that time. However, the Court agrees that Defendant did not have opportunity to research the issue and prepare an adequate defense. For this reason, the strict standard of review applicable to motions for reconsideration will not be applied; the motion will be reviewed de novo.

### II. MISREPRESENTATION OF LEGAL AUTHORITY

■ At oral argument, Defendant conceded that the portions of its brief cited by the Court were not of normal quality. Nevertheless, Defendant contended that the statements were reasonable, albeit unpersuasive, interpretations of the law. This Court does not agree.

Defendant's misrepresentations are found in the following language taken from the reply brief:

2. PCC's argument that FMC's proposed counterclaims are not compulsory is based on a test rejected in this circuit.

PCC relies on *Computer Associates Int'l, Inc. v. Altai, Inc.*, 893 F.2d 26, 29 (2d Cir.1990) for the proposition that FMC's proposed counterclaim is not a compulsory counterclaim. In that case, which is in any event factually distinguishable from the present case, the Second Circuit ruled that a counterclaim was not compulsory because the "libel and slander claims present legal issues not found in [the original complaint]." *Id.* This analysis of the *issues* presented by a counterclaim represents an extreme minority view, and is not followed in the Ninth Circuit.

In the Ninth Circuit, the test to determine whether a proposed counterclaim is compulsory is "whether *the essential facts* of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochino [Pochiro] v. Prudential Ins. Co.*, 827 F.2d 1246, 1249 (9th Cir.1987) (emphasis added).

Def.'s Reply to Opp. to Mot. for Leave to Am. Answer & Countercl., page 3.

The subtitle itself contains the first misrepresentation. As the Court understood the statement in its context, Defendant was asserting that the test applied in *Computer Associates* was rejected in the Ninth Circuit. As a matter of fact, the *Computer Associates* court very clearly applied the same test that the Ninth Circuit applies to such cases:

This inquiry is flexible and "attempts to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir.1978).

Applying these principles to the present case ... *Computer Associates*, 893 F.2d at 29.

Defendant responds that the subtitle does not refer to this test, but rather a narrower test which provides that "a counterclaim which stems from the filing of the main action and *subsequent* alleged defamations is not a compulsory counterclaim covered by Rule 13(a)." *Harris v. Steinem,* 571 F.2d 119, 124 (2d Cir.1978). Of course, this isn't a *test* at all, but rather a holding or rule of law. Moreover, the *Computer Associates* court clearly placed very little, if any, reliance upon that holding, since it was quoted only in a parenthetical to a *"see"* citation after the court had applied the test and concluded that the counterclaims were not compulsory.

Furthermore, even if the *Harris* holding is considered a narrow test and even if the *Computer Associates* court relied upon that holding, Defendant still misrepresented the law because the Ninth Circuit has *not rejected* that holding. Indeed, the Ninth Circuit in *Pochiro v. Prudential Ins. Co. of America,* 827 F.2d 1246 (9th Cir. 1987), expressly declined to decide whether to adopt the *Harris* holding because the facts of *Pochiro* were distinguishable. *Id.* at 1251 n. 9. There is simply no basis whatsoever for the statement that the Ninth Circuit rejected the test relied upon by Plaintiff, whether it be the test applied in *Computer Associates* or the *Harris* holding.

Defendant also stated in its reply brief that the *Computer Associates* court found the counterclaim "not compulsory because the 'libel and slander claims present legal issues not found in [the original complaint].'" Def.'s Reply Brief, page 3 (quoting *Computer Associates,* 893 F.2d at 29). The brief goes on to state that "[t]his analysis of the *issues* presented by a counterclaim represents an extreme minority view, and is not followed in the Ninth Circuit." Def.'s Reply Brief, page 3. Again, this is a flat mischaracterization of *Computer Associates.* It is true that the governing test for compulsory counterclaims does not make reference to the legal issues involved. However, Defendant blatantly and falsely stated that the *Computer Associates* holding is based on that incorrect analysis. It is not. Instead, as noted above, the *Computer Associates* court *expressly* applied and relied upon the fact-based test that Defendant cites as the Ninth Circuit test.

The crowning deception in this entire argument turns out to be as subtle as an incomplete citation. After arguing strenuously that an on-point case in the Second Circuit should be ignored because the governing test was rejected in this circuit, Defendant finally cites the Ninth Circuit's test. The test is not paraphrased; it's quoted exactly as it appears in the *Pochiro* opinion.

The citation, however, is far less precise. In particular, Defendant gave no indication that this "Ninth Circuit test" was actually borrowed word-for-word from the Second Circuit! *See Harris v. Steinem,* 571 F.2d 119, 124 (2d Cir.1978). The omission cannot have been accidental. The full citation to *Harris* is given immediately after the quotation in the *Pochiro* opinion. Moreover, the *Harris* citation sticks out clearly on the page because it is the only authority cited and because it appears at the end of the paragraph, not buried in other language. It is inconceivable that the attorney who prepared the brief did not notice that the quoted test was borrowed from the Second Circuit.

On the other hand, Defendant had an obvious incentive to conceal its misrepresentation of authority by omitting any reference to the fact that the Ninth Circuit actually follows the Second Circuit in this area. The misrepresentations of law discussed above are simply too blatant and too egregious to have been the product of mere negligence. The Court, therefore, finds that defendant deliberately attempted to mislead the Court as to the law in this area.

III. FED.R.CIV.P. 11

A. *Limitations on Rule 11 Sanctions*

■ In *Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1540 (9th Cir.1986), *reh'g en banc denied,* 809 F.2d 584 (9th Cir.1987), the Ninth Circuit held that Rule 11 sanctions cannot be imposed

**674**

on the basis of a single frivolous argument. The court stated:

> Nothing in the language of the Rule or the Advisory Committee Notes supports the view that the Rule empowers the district court to impose sanctions on lawyers simply because a particular argument or *ground for relief* contained in a nonfrivolous motion is found by the district court to be unjustified.

*Golden Eagle,* 801 F.2d at 1540–41.

At oral argument, Plaintiff urged this Court to find that Defendant's entire motion for leave to amend was frivolous under Fed.R.Civ.P. 11. Plaintiff correctly noted that the motion was completely without merit as to *permissive* counterclaims because Defendant had not even alleged an independent basis of subject matter jurisdiction. Therefore, Plaintiff argued, the whole motion was rendered meritless when the Court found the counterclaims permissive, not compulsory, under the applicable law.

The fact that this Court found the counterclaims permissive under the applicable law does not render frivolous Defendant's argument to the contrary. A reasonable argument can be made under the governing fact-based test that there were common issues of fact between the proposed counterclaims and the existing claims such that justice would require their simultaneous trial. Thus, this Court declines to find that Defendant's entire motion was frivolous under Fed.R.Civ.P. 11.

### B. *Other Authority to Impose Sanctions*

▮ Under 28 U.S.C. § 1927, the Court may assess sanctions, including attorneys' fees, directly against attorneys who cause excess costs in litigation. Section 1927 reads:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Despite the language indicating a "reasonableness" standard, courts have limited awards under 28 U.S.C. § 1927 to cases where the attorney acted recklessly or in bad faith. *United States v. Blodgett,* 709 F.2d 608, 610 (9th Cir.1983). However, unlike Fed.R.Civ.P. 11, a pleading does not have to be entirely frivolous for 28 U.S.C. § 1927 sanctions to attach, so long as a finding of bad faith is made. *Lone Ranger Television, Inc. v. Program Radio Corp.,* 740 F.2d 718, 727 (9th Cir.1984). The sanction must be imposed upon the attorney, not the client. *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 831 (9th Cir.1986).

Beyond the Court's authority under 28 U.S.C. § 1927, the Supreme Court has recently reaffirmed the Court's inherent authority to impose sanctions to control its caseload. *Chambers v. NASCO,* — U.S. —, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). Frivolous arguments and misstatements of law waste not only the parties' time and resources, but they also waste the Court's time and resources. In this motion, for example, the Court and its staff spent considerable time carefully reviewing the law searching for some indication that the Ninth Circuit had rejected the test applied in the Second Circuit case. Absent Defendant's misrepresentations, much time and effort would have been saved.

▮ Unless sanctions are imposed in these cases, some attorneys will see no incentive to maintain honesty and candor before the Court. Without integrity in the judicial system, the Court cannot rely upon the legal research provided by the parties, but instead must research each issue independently. This result clearly interferes with the speedy and efficient administration of the Court's docket. Accordingly, the Court must do what it can to avoid such consequences.

## IV. CONCLUSION

Based upon this Court's finding that Defendant deliberately misrepresented the law in its reply brief, the sanction of $1,500 payable to Plaintiff's attorney is HEREBY

REIMPOSED pursuant to 28 U.S.C. § 1927 and this Court's inherent powers.

IT IS SO ORDERED.