73 F.3d 369
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 JACOBS & CRUMPLAR, P.A., Plaintiff-Appellant,
v.
DAVEY JONES ARCHAEOLOGY, LTD., et al., Defendant-Appellees.
 No. 94-15736.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 8, 1995.
Decided Dec. 28, 1995.
 
 Before: HUG, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jacobs & Crumplar, P.A. (JCPA) filed suit against Davey Jones Archaeology (DJA) to recover unpaid legal fees. The district court dismissed the case with prejudice for noncompliance with the court's order to file settlement documents. This appeal followed.
 
 
 3
 We consider JCPA's appeal from the district court's dismissal of the case and the district court's failure to enforce the parties' settlement agreement. We also consider JCPA's counsel, Haim Habib's, appeal from the district court's order imposing monetary sanctions upon him. We do not consider JCPA's challenge to the district court's denial of its motion to compel discovery or for sanctions against DJA, because these issues have become moot.
 
 
 4
 We have jurisdiction under 28 U.S.C. Sec. 1291. We vacate the district court's order dismissing the case and its order for sanctions against Attorney Habib. We remand the case to the district court to provide Habib with notice and an opportunity to be heard, in the event the court determines to proceed with a hearing to impose sanctions; and to consider JCPA's motion for enforcement of the settlement.
 
 DISCUSSION
 A. Sanctions Imposed on Habib
 
 5
 We review for abuse of discretion the district court's imposition of sanctions. FTC v. Alaska Land Leasing, Inc., 799 F.2d 507, 510 (9th Cir.1986).
 
 
 6
 The district court ordered counsel for JCPA, Haim Habib, and counsel for DJA, Loring E. Jahnke, to confer on a revised scheduling order. Both Habib and Jahnke were subsequently sanctioned $500 for failing to confer in good faith in compliance with that order. The sanctions were imposed because the attorneys submitted separate proposed scheduling orders when they could not agree on a joint proposed order.
 
 
 7
 The district court abused its discretion in imposing the sanctions. The court had expressly authorized the submission of separate proposed scheduling orders if the attorneys could not agree.
 
 
 8
 Moreover, the district court imposed the sanctions without providing due process. Sanctions should not be imposed without notice, an opportunity to respond, and a hearing. Kirshner v. Uniden Corporation of America, 842 F.2d 1074, 1082 (9th Cir.1988) (citing Miranda v. Southern Pacific Transp. Co., 710 F.2d 516, 522-23 (9th Cir.1983)); see Roadway Express Inc. v. Piper, 447 U.S. 752, 767 (1980) ("sanctions should not be assessed lightly or without a fair notice and an opportunity for a hearing on the record.") Especially when the conduct implicating sanctions occurred outside the presence of the court, counsel should be provided an opportunity to explain his conduct. United States v. Blodgett, 709 F.2d 608, 610 (9th Cir.1983).
 
 B. Dismissal
 
 9
 We review for abuse of discretion the district court's dismissal of an action for failure to comply with its orders. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992) (citing Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987)).
 
 
 10
 On January 28, 1994, Habib and Jahnke informed the district court the case was settled, awaiting execution of a stipulated judgment and a mutual release to be executed in counterparts by representatives of JCPA, DJA, and a third party defendant, Paul A. Lawlor. On February 11, the district court advised Habib that if signed settlement documents were not filed with the court within fourteen days, the case would be dismissed with prejudice.
 
 
 11
 On February 25, JCPA moved to enforce the settlement, and sought sanctions against DJA and Jahnke for failure to submit DJA's executed counterparts of the agreement.[1] Eleven days before the scheduled hearing on the motion to enforce the settlement, the district court dismissed the case with prejudice for noncompliance with its order to file signed settlement documents. Such dismissal was an abuse of discretion.
 
 
 12
 At the time of the dismissal, there was evidence before the court that the case was settled, and settlement documents were in fact filed with the district court. Jahnke informed the district court on January 28 that DJA's executed counterparts were in her possession, including executed counterparts from local DJA representatives, and an executed faxed copy of a counterpart from a London-based DJA representative.
 
 
 13
 JCPA's and Lawlor's signed counterparts were filed with the district court on February 25, as exhibits attached to JCPA's motion to enforce settlement. Jahnke filed DJA's executed counterpart on March 11, as an exhibit attached to her declaration in response to JCPA's motion to enforce the settlement. This counterpart had been signed in January of 1994.
 
 
 14
 The district court's finding that settlement documents were neither signed nor on file was erroneous. Executed counterparts from each party were submitted to the district court before dismissal. Moreover, counsel for DJA has not denied that she had signed counterparts of the settlement in her possession and simply refused to file them. Such conduct cannot preclude JCPA's right to have the settlement enforced.[2]
 
 CONCLUSION
 
 15
 We vacate the district court's order imposing sanctions of $500 on Habib. Before sanctions may be imposed, Habib is entitled to notice and an opportunity to be heard.
 
 
 16
 We vacate the district court's order dismissing the case. We remand this case to the district court with instructions to consider JCPA's motion to enforce the settlement.
 
 
 17
 VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Habib received JCPA's executed counterpart on February 11. Habib thereafter attempted to secure DJA's executed counterpart without success. Habib filed the motion to enforce the parties' settlement to comply with the district court's deadline and forestall dismissal of the case
 
 
 [2]
 The district court has equitable power to enforce an agreement to settle a case pending before it. Callie v. Near, 829 F.2d 888, 890 (9th Cir.1987). Public policy favors settlement of cases whenever possible. See Dacanay v. Mendoza, 573 F.2d 1075, 1078 (9th Cir.1978)