**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUJANIE V.S.V. GAMAGE, AKA Sujanie Gamage Samarasek, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> STATE OF NEVADA, ex rel. Board of Regents of Higher Education, on behalf of the University of Nevada, Las Vegas; a political subdivision of the State of Nevada; VERNON HODGE, individually and in his official capacity as an employee of the University of Nevada, Las Vegas, <br><br> Defendants - Appellees. | No. 14-15292 <br><br> D.C. No. 2:12-cv-00290-GMN-VCF <br><br> MEMORANDUM[*] |
| SUJANIE V.S.V. GAMAGE, AKA Sujanie Gamage Samarasek, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> STATE OF NEVADA, ex rel. Board of Regents of Higher Education, on behalf of the University of Nevada, Las Vegas; a | No. 14-17033 <br><br> D.C. No. 2:12-cv-00290-GMN-VCF |

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

political subdivision of the State of Nevada; VERNON HODGE, individually and in his official capacity as an employee of the University of Nevada, Las Vegas,

Defendants - Appellees.

SUJANIE V.S.V. GAMAGE, AKA Sujanie Gamage Samarasek,

Plaintiff,

v.

STATE OF NEVADA, ex rel. Board of Regents of Higher Education, on behalf of the University of Nevada, Las Vegas; a political subdivision of the State of Nevada; VERNON HODGE, individually and in his official capacity as an employee of the University of Nevada, Las Vegas,

Defendants - Appellees,

v.

THE BACH LAW FIRM, LLC; JASON BACH,

Movants - Appellants.

No. 14-17034

D.C. No. 2:12-cv-00290-GMN-VCF

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

2

Argued and Submitted March 16, 2016
San Francisco, California

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

Sujanie Gamage ("Gamage"), her attorney Jason Bach ("Bach"), and The Bach Law Firm appeal the district court's order granting summary judgment in favor of defendants State of Nevada and Vernon Hodge, as well as the district court's award of attorney's fees and sanctions. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment order. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). We review discovery orders, attorney's fees awards, and sanction orders for abuse of discretion. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002) (discovery orders); *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005) (attorney's fees under 42 U.S.C. § 1988); *Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015) (sanctions under 28 U.S.C. § 1927). We affirm in part, but reverse the sanctions awarded against The Bach Law Firm under 28 U.S.C. § 1927. *See Kaass Law*, 799 F.3d at 1293.

Gamage argues that the district court erred in granting summary judgment to the defendants because she raised genuine issues of material fact about whether she plagiarized a draft of her dissertation. We disagree. Gamage admitted that she

failed to conform to the University of Nevada - Las Vegas's plagiarism policy in parts of her dissertation and that she made "mistakes." She received more process than was due. *See, e.g.*, *Goss v. Lopez*, 419 U.S. 565, 581 (1975) (holding that procedural due process requires that a student suspended for disciplinary reasons "be given oral or written notice of the charges against [her] and, if [she] denies them, an explanation of the evidence the authorities have and an opportunity to present [her] side of the story.").[1]

Gamage also asserts that the district court erred in granting summary judgment because it failed to consider all the evidence supporting her claims. The record belies this argument. First, because the district court deferred ruling on the motion for summary judgment under Federal Rule of Civil Procedure 56(d), Gamage was able to take additional discovery. She chose not to supplement the record or amend her opposition after discovery closed. The district court also provided Gamage the opportunity to supplement the record at oral argument and addressed the evidence she submitted. Finally, Gamage has not shown that any of

---

[1] For purposes of this appeal, we assume, but do not decide, that Gamage was removed for disciplinary, not academic, reasons. *Cf. Oyama v. Univ. of Haw.*, 813 F.3d 850, 875 (9th Cir. 2015) (explaining that disciplinary dismissals "may require more formal procedures" than academic dismissals, which "do not require a hearing and meet the requirements of procedural due process so long as the dismissal decision is careful and deliberate" (alteration and internal quotation marks omitted)).

the evidence allegedly ignored by the district court would have raised a genuine issue of material fact. *See U.S. Cellular Inv. Co. of L.A. v. GTE Mobilnet, Inc.*, 281 F.3d 929, 934 (9th Cir. 2002) (stating that Rule 56(f) requires movant to show "how allowing additional discovery would have precluded summary judgment" (internal quotation marks and citation omitted)).[2]

The district court awarded attorney's fees and costs against Gamage for pursuing a frivolous action under 42 U.S.C. § 1988 and Nevada Revised Statute 18.010(2)(b). The district court also sanctioned Bach under 28 U.S.C. § 1927 after finding that he "recklessly [and] in bad faith" multiplied the proceedings. *See United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983). The district court did not abuse its discretion in finding that Gamage's action as a whole was frivolous or that Bach multiplied the proceedings recklessly and in bad faith.[3] *See Harris v. Maricopa Cty. Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011) (holding that

---

[2] "[F]ormer Rule 56(f) . . . is substantively the same as current Rule 56(d)." *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 899 n.7 (9th Cir. 2012).

[3] At oral argument, Bach's attorney argued for the first time that Eleventh Amendment immunity did not bar Gamage's claims under *Embury v. King*, 361 F.3d 562 (9th Cir. 2004). Bach did not raise this argument before the district court or in his briefs before this court. Accordingly, Bach waived this argument. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief."). The district court did not abuse its discretion in sanctioning Bach under § 1927.

attorney's fees awards are available under § 1988 for frivolous actions); *Blodgett*, 709 F.2d at 610 (holding that sanctions under § 1927 are available when an attorney recklessly or in bad faith multiplies the proceedings); *Rodriguez v. Primadonna Co., LLC*, 216 P.3d 793, 800 (Nev. 2009) (stating that NRS 18.010(2)(b) permits attorney's fees award for frivolous actions). Nor did the district court err in awarding prejudgment interest on attorney's fees, *see Albios v. Horizon Cmtys., Inc.*, 132 P.3d 1022, 1035-36 (Nev. 2006), in declining to itemize the fees associated with each of Gamage's claims, *see Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983), or in issuing sanctions under § 1927 without holding an in-person hearing, *see Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). Sanctions were properly imposed on Gamage and her lawyer.

The district court also sanctioned The Bach Law Firm under 28 U.S.C. § 1927. We vacate this award in light of our recent decision in *Kaass Law*, 799 F.3d at 1293, which was issued after the district court considered sanctions in this matter.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART AND REVERSED IN PART.**

6